JODI LINKER
Federal Public Defender
Northern District of California
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
1301 Clay Street, Ste. 1350N
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: john_reichmuth@fd.org

Counsel for Defendant Barze

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MAURICE BARZE,<br>Defendant. | **Case No.:** 26–CR–156 AMO<br>**SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**<br>**Court:** Courtroom 5, 2d Floor<br>**Hearing Date:** October 5, 2026<br>**Hearing Time:** 9:30 a.m. |

## INTRODUCTION

This case arises from a local federal law enforcement initiative, "Operation Disarm." The program seeks to reduce local gun violence in the immediate term by prescribing a surge in illegal firearm prosecutions and the rapid removal from the community of illegal firearm possessors. It is less grounded in a long-term incarceration rationale than some comparable programs. A significant component is the waiver of pretrial release and fast-track resolution of the case. In exchange for the defendant remaining out of the community and quickly taking responsibility, the government offers significant reductions in sentencing recommendations, in this case a joint recommendation of 15 months imprisonment.

Mr. Barze has participated in the program, waiving his detention hearing, and immediately resolving his case. He comes before the Court to be sentenced for violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a felon, and requests a sentence of 15 months imprisonment, followed by three years of Supervised Release. That would be sufficient, but not greater than necessary, to comply with the sentencing goals set forth in 18 U.S.C. § 3553.

The parties and the Probation Officer agree on the guidelines in this case, a Total Offense Level of 17 and a Criminal History Category IV, yielding an advisory sentencing range of 37 to 46 months imprisonment. The Probation Officer recommends 24 months of imprisonment, which does not take into account Operation Disarm. The defense joins with the government in recommending 15 months imprisonment. The Probation Officer's rationale for a variance is well-grounded. Once the independent policy rationales of Operation Disarm are added in, the jointly proposed 15-month sentence is well-justified.

## SENTENCING RECOMMENDATION

Criminal "punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949). That requires "the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996) (quotations omitted)). Ultimately, the "overarching statutory charge for a district court is to 'impose a sentence sufficient but not greater

than necessary'" to reflect the factors detailed in 18 U.S.C. § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (quoting 18 U.S.C. § 3553(a)). The § 3553(a) factors assist the Court in fulfilling its mandate to make "an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." *United States v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985). Against this backdrop, the Court must identify the *least amount of time necessary* to satisfy the objectives outlined in 18 U.S.C. § 3553(a). To be clear, every day of prison must be necessary under federal law.

The factors that mitigate this case are set forth in the PSR and will not be repeated in detail. Briefly: Mr. Barze's father was murdered when Mr. Barze was eight years of age. His father's absences due to incarceration had already caused problems, depriving Mr. Barze of a role model and parental supervision in a violent and dangerous neighborhood. Though he had supportive family members who cared for him, he very early began to experiment with drugs, truancy, and unhealthy associations. Mr. Barze became justice-involved as a juvenile and has since received a number of sentences, though all were jail or probation, as opposed to state prison. He suffered a significant gunshot wound while still very young. Not surprisingly, Mr. Barze has developed substance use disorder as he tries to cope with numerous adverse experiences, both within and without the home.

There is a strong motivation to change, however, which means that Mr. Barze can be freed from his cycle of trauma, justice-involvement, and addiction. His mother, who is insightful and an important future support for Mr. Barze, had already noticed changes in him before his arrest. She notes:

> I do feel that I've see growth in my son. Prior to his incarceration, he made a 360 turn in his life. He is more focused and trying to get on the right track. He's tired of this criminal life, and I truly have seen the change in him. I'm proud of it and grateful. I personally would like to request leniency. Life has a way of showing up and I do think Maurice has honestly learned his lesson. PSR ¶ 46.

Now that he is in the federal system, a significant amount of structure and programming can begin. A 15-month sentence followed by a three-year term of supervised release, with all of the federal tools that can be brought to bear by the Court and Probation Office, will fulfill the needs of sentencing.

There is, of course, a unique reason to follow the recommendation of the government in this case: *Operation Disarm*. This case was filed as part of an initiative resulting from significant planning and consideration, and Mr. Barze then, upon arrest, agreed to participate in it. The participation of the district courts at sentencing is also sought as important to the success of the program: other potential participants must know that the government's recommendations will be given significant weight by the Courts. The parties respectfully request that the Court effectuate the goals of sentencing by following the recommendation rooted in Operation Disarm, which advances the immediate protection of the community while providing a reduced prison sentence and a back-end of supervision and support. Effectuation of Operation Disarm is effectuation of the goals of sentencing, and it is the practical and just approach to this case.

## CONCLUSION

Based on the foregoing, Mr. Barze respectfully requests that he be sentenced to 15 months of incarceration followed by three years of supervised release.

Dated: September 28, 2026

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S
JOHN PAUL REICHMUTH
Assistant Federal Public Defender