CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
kelsey.davidson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE BARZE,<br><br>Defendant. | Case No. 4:26-CR-00156-AMO<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: October 5, 2026<br>Hearing Time: 2:00 PM<br>Hon. Araceli Martínez-Olguín |

## I. INTRODUCTION

On June 10, 2025, the defendant, Maurice Barze, knowingly possessed a firearm and ammunition despite being prohibited to do so as a convicted felon and fled from law enforcement when they attempted to stop him. Barze has a lengthy criminal history, and in particular, has several firearms related convictions. This, combined with the circumstances of the offense and his quick acceptance of responsibility, warrants a sentence of 15 months' imprisonment, which is a downward variance. The parties jointly recommend a sentence of 15 months' imprisonment, which is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II. OFFENSE CONDUCT

The government generally agrees with the recitation of offense conduct in the Presentence

Investigation Report ("PSR") prepared by the Probation Office. PSR at ¶¶ 6-7. On June 10, 2025, Oakland Police Department (OPD) was conducting an arrest operation of a member of the Acorn gang, A.C., who had outstanding warrants. OPD went to the Acord Town Center—a place known to be a stronghold for the Acorn gang—and saw A.C. with a group of individuals, including Barze. Some of the individuals, including A.C. and Barze, walked over to a car and got in. OPD saw that A.C. had a firearm, and they approached the vehicle. Barze got out of the car and began to flee. One of the officers recognized Barze from previous investigations and knew that he was on probation with a four-way search clause and was prohibited from associating with armed subjects. OPD officers also saw that Barze had his left arm firmly pressed to his body, which is a common tactic to conceal firearms. Officers gave Barze several commands to stop, which he ignored. They pursued Barze and tackled him to the ground, at which point they gave him several commands to stop resisting and drop the firearm. Barze continued to resist orders to move his hands, and officers ultimately gained control of his movements and recovered a firearm that was tucked into the left arm of his sweatshirt. The firearm was a .40 Glock 23 handgun, bearing serial number KMM331, with a large capacity magazine loaded with 15 rounds of .40 caliber WIN ammunition.

## III. PROCEDURAL HISTORY

On April 7, 2026, the grand jury returned a one count Indictment against the defendant charging him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. The defendant pled guilty on July 6, 2026. Dkt. 16.

## IV. SENTENCING GUIDELINES CALCULATION

The government agrees with the Probation Office's calculation of the Sentencing Guidelines. PSR at ¶¶ 12-21. Specifically, the government agrees that the defendant's total offense level is 17, and the calculations are as follows:

| | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | § 2K2.1(a)(6)(A) | 20 |
| Adjustments | § 3E1.1(a) | -3 |
| Total offense level | | 17 |

The government also agrees with Probation's finding that the defendant has six criminal history points, placing him in Criminal History Category IV. *Id.* at ¶¶ 23-31. An offense level of 17 with a

Criminal History Category IV yields an advisory sentencing range of 37–46 months of imprisonment. *Id.* at ¶ 66.

## V. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(5)** the need to provide restitution to any victims of the offense.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a sentence of 15 months of imprisonment followed by three years of supervised release. Such a sentence would be sufficient, but not greater than necessary, given the nature and circumstances of the offense and the history and characteristics of the defendant.

First, the nature and circumstances of the offense warrant a sentence of 15 months. Barze was in possession of a gun with a large capacity magazine and then fled from law enforcement when they approached him. Even after officers tackled Barze to the ground, he still refused commands to separate his hands from his body and the gun in order to ensure everyone's safety.

Second, the history and characteristics of the defendant warrant a sentence of 15 months. The defendant has a lengthy criminal history dating back to 2015. PSR at ¶ 23-28. He has four prior felony convictions and one prior misdemeanor conviction. *Id.* Of those, three of the felony convictions involved firearms, including two prior felon in possession charges and one assault on a person with a semiautomatic firearm, showing a pattern of firearm use and disregard for his inability to possess firearms. The assault was particularly egregious as it involved Barze shooting at a vehicle and resulted in bullets entering a child's bedroom in the house across the street. *Id* at ¶ 27. Barze also has several prior arrests that did not result in convictions, *see id.* at ¶¶ 32-40, and is an Acorn gang member.

On the other hand, Barze has some mitigating circumstances in his past, including a long history of substance abuse. Further, and of more importance, Barze immediately took responsibility for his actions in this case. Barze pled guilty at his first district court appearance, which took place quickly after his initial appearance in magistrate court. He then agreed to the first sentencing date that worked for all parties and the Court, which has resolved the case in less than four months. Thus, a sentence of 15 months in order to promote respect for the law and provide adequate deterrence.

## VII. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 15 months' imprisonment, followed by a three-year term of supervised release.

DATED: September 28, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/*
KELSEY C. DAVIDSON
Assistant United States Attorney